**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-02009-CMA-MEH

KEVIN VANDYKE, a Michigan citizen, and
BHF, INC., a Michigan corporation,

    Plaintiffs,

v.

DAVID S. MOWATT, a Florida citizen,
SHERYL JEAN MOWATT, a Florida citizen, and
MOWATT FINANCIAL INC., a Colorado corporation.

    Defendants.

_____

**ORDER ENTERING PRELIMINARY INJUNCTION AND ADMINISTRATIVELY
CLOSING THIS CASE**
_____

THIS MATTER, having come before the Court on the Parties' Joint Motion for Entry of Preliminary Injunction (Doc. # 20), the Court being fully advised in the premises, and for good cause shown, the Court ORDERS as follows:

1.    Defendants, directly or indirectly and whether alone or in concert with others, including any directors, officers, agents, employees and/or representatives of Independent Financial Group, LLC, will not solicit, attempt to solicit, induce to leave BHF, Inc. or Kevin Van Dyke, or attempt to induce to leave BHF, Inc. or Kevin Van Dyke any client identified in Exhibit G to the Asset Purchase Agreement or any clients with whom Defendants had contact or to whom Defendants provided services under the

Independent Contractor Agreement with Plaintiffs.

2. Defendants, directly or indirectly and whether alone or in concert with others, including any directors, officers, agents, employees and/or representatives of Independent Financial Group, LLC, shall not use, disclose or transmit for any purpose Plaintiffs' documents, materials and/or confidential and proprietary information pertaining to Plaintiffs, Plaintiffs' employees and/or Plaintiffs' clients.

3. Defendants, directly or indirectly and whether alone or in concert with others, including any directors, officers, agents, employees and/or representatives of Independent Financial Group, LLC will not contact any client identified in Exhibit G to the Asset Purchase Agreement or clients with whom Defendants had contact or to whom Defendants provided services under the Independent Contractor Agreement.

4. Plaintiffs, directly or indirectly and whether alone or in concert with others, including any directors, officers, agents, employees and/or representatives will not contact or solicit business from any client identified in Exhibit G to the Asset Purchase Agreement except and only to the extent necessary to service such clients' accounts in the ordinary course of business.

5. The Parties, directly or indirectly and whether alone or in concert with others, including any director, officer, agent, employee and/or representatives, will not use disclose or transmit for any purpose confidential and proprietary information regarding the Asset Purchase Agreement between the Parties.

6. The Plaintiffs and Defendants are directed to proceed with arbitration to

address any and all disputes that may exist between the Parties in accordance with rule 13804 of the FINRA Code of Arbitration Procedure for Industry Disputes.

7.     No Party shall comment to any other person about the other Party in any form or manner, including but not limited to making any disparaging remarks about the other Party, except as otherwise agreed in a writing signed by all Parties.

8.     This Preliminary Injunction shall remain in full force and effect until FINRA rules on any and all injunctive relief presented by the Parties.

9.     If, after the date of this Order, either Party is contacted by a client identified in Exhibit G to the Asset Purchase Agreement, or any client with whom Defendants had contact or to whom Defendants provided service under the Independent Contractor Agreement, and is asked about whether such Party can transfer brokers or about any issue affected by this Order, the Party so contacted will advise the client that he or she cannot transfer any accounts until FINRA has ruled on the Parties' disputes.

10.    The hearing set for August 22, 2018 (Doc. ## 14, 18, 19), is hereby VACATED.

11.    Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction and Order Permitting Expedited Discovery (Doc. # 6) is hereby DENIED as MOOT.

12.    The Parties' Joint Motion for Preliminary Injunction (Doc. # 20) is GRANTED.

13.    This case is ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR

41.2, subject to re-opening after the resolution of the FINRA dispute resolution.

14. The parties SHALL FILE a status report with this Court within thirty (30) days of any rulings by FINRA, advising this Court as to the status of the parties' dispute.

DATED: August 20, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge